UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARRINGTON R PATTEN, Estate,

    Plaintiff,

v.                                Case No:   2:19-cv-763-FtM-60NPM

JENNIFER LACLAIR and ALLY
FINANCIAL INC.,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint and Demand for Jury Trial, filed on October 22, 2019.  (Doc. 1).  Plaintiff Barrington R. Patten, purportedly under the name Bazzeffanu Ah-Menkizarezz, also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).   Plaintiff seeks leave to proceed without the prepayment of fees or costs.   (*Id.*).

When an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915.[1]   Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915.   A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *see also Ebron v. Immigration and*

---

[1] This statute section governs in forma pauperis actions instituted by prisoners, but has been interpreted to apply to all litigants requesting leave to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

*Customs Enforcement*, No. 3:12-cv-272-J-32JBT, 2014 WL 1364974, at *4 (M.D. Fla. Apr. 7, 2014) ("Actions may be frivolous in their factual allegations or in their legal theories.").

The Court begins by reviewing Plaintiff's Application.  (Doc. 2).  This action was filed by Barrington Patten.  (Doc. 1, p. 1).  The Application, however, was signed by Bazzeffanu Ah-Menkizarezz.  (Doc. 2, p. 1).  Plaintiff attached a document to the Application entitled, "The Moorish National Republic Moorish Divine and National Movement of the World," purporting to be some type of affidavit of a financial statement. (Doc. 2, pp. 6-7).  The Application is clearly deficient because among other things, Barrington Patten did not sign it.

The Court turns to Plaintiff's Complaint.  (Doc. 1).  Overall, this document is unintelligible.  Plaintiff alleges violations of the Truth in Lending Act, the Consumer Credit Protection Act, and the Fair Debt Collection Practices Act against Defendant Ally Financial, Inc.  (*Id.*, p. 2).  Plaintiff spends approximately half a page defining "Barrington R. Patten" with such terms as "represented by pro per, pro se or sui juris litigant:  Principal Creditor 'ah-menkizarrezz, bazzeffanu family name ah-menkizarezz properly spelled in lowercase a Aboriginal Indigeonous [sic] private national a living soul in a state of being in one's own body a man domicile on the land of Florida republic of the united states of America a national Mentelleyan ahmen isrealite [sic] citizen . . ."  (*Id.*, p. 3).  Plaintiff defines Ally Financial, Inc. as a financial institution organized and doing business as a "Detroit corporation."  (*Id.*, p. 4).

It appears that Plaintiff claims to have purchased on July 12, 2017, a Honda Civic, signed a promissory note for it, and began making regular payments.  (*Id.*, p. 5).  Plaintiff then purports to have discovered on March 13, 2019, that the United States "went in

reorganization by the Bankruptcy Act of 1933 and that the United States Federal Government has been dissolved by the Emergency Banking Act, March 9, 1933, declared by President Roosevelt." (*Id.*). On April 13, 2019, Plaintiff claims that after discovering the facts of the United States Bankruptcy, he "moved to correct his status by using the Foreign Sovereign Immunities Act." (*Id.*, p. 6). He then determined that he is the "holder in due course and principal creditor having a Security Agreement registered priority lien hold interest to all property over the estate held in the name of Plaintiff's; Barrington Roderick Patten, evidenced by UCC-1 Financing Statement [ ] filed with the state Secretary in the Florida Republic." (*Id.*). He then contacted Defendant to discharge the debt and provided the terms of the discharge based on a House Resolution from 1933. (*Id.*, pp. 6-7). He sent follow up correspondence, but not surprisingly Defendant did not return the remittance or accept the documents as a binding contract. (*Id.*, p. 7). Although not clear, it appears that Plaintiff's Honda Civic was repossessed. (*Id.*, p. 8).

Plaintiff nominally advances various theories of recovery and requests a temporary restraining order and a permanent injunction. (*Id.*, pp. 7-16). But they incorporate nonsensical claims and statements. By way of example, he claims that legal tender is only gold and silver coins and these must be used to pay legal debts (*Id.*, pp. 7-8), and that Defendant did not produce a note and security agreement with Plaintiff's "wet signature ink" on them. (*Id.*, pp. 8-9).

Pursuant to Fed. R. Civ. P. 8, a pleading must contain:

(1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2)  a short and plain statement of the claim showing that the pleader is

>    entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). The allegations in the Complaint do not establish that Plaintiff is able to assert a claim upon which relief may be granted.

The Court recognizes that when reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. *Kinlaw v. Putnam Cty. Sheriff's Office Det. Ctr.*, No. 3:19-CV-385-J-39JRK, 2019 WL 1676203, at *1 (M.D. Fla. Apr. 17, 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011)). But this duty to construe a pro se litigant's pleadings liberally does not require the Court to act as an attorney for the pro se party or obligate the Court to rewrite a deficient pleading. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Pro se litigants are also required to conform to the procedural rules. *Tsidhqiyah El v. US Sec'y of State*, No. 6:18-MC-42-ORL-41DCI, 2018 WL 6621371, at *1 (M.D. Fla. Sept. 10, 2018), *report and recommendation adopted sub nom. Geysi Tsidhqiyah EL v. US Sec'y of State*, No. 6:18-MC-42-ORL-41DCI, 2018 WL 5807507 (M.D. Fla. Nov. 6, 2018).

Here, Plaintiff fails to state a valid cause of action upon which relief may be granted. Many of Plaintiff's statements are unintelligible and incomprehensible. From what the Court can gather, the premise of all of the claims is that Plaintiff apparently discovered the Bankruptcy Act of 1933 and has attempted to apply it and similar laws and resolutions to show that he does not owe any money on the balance of his car loan and that his car should not have been repossessed. These factual allegations do not state a claim. Further, while Plaintiff does not assert that he is a "sovereign citizen," he attaches

the Moorish National affidavit to his Application, and his arguments appear similar to the sovereign citizen arguments that courts have routinely dismissed as frivolous.  *Mitchell v. Vesely*, No. 5:17-CV-325-OC-30PRL, 2017 WL 11049094, *1 (M.D. Fla. Aug. 23, 2017) ("While Plaintiff does not state that he is a 'sovereign citizen,' his arguments are similar to the 'sovereign citizen' arguments that courts have routinely rejected as frivolous.").

Normally, the Court would provide a pro se party at least one opportunity to amend a pleading prior to dismissal.  *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019).  However, if a court finds that any amendment would be futile because a more carefully crafted complaint would still not be able to state a claim, then a court may dismiss the action without affording the party an opportunity to amend.  *Id.* (affirming dismissal without leave to amend of a similarly frivolous, sovereign-citizen like complaint); *see also Tsidhqiyah El*, 2018 WL 6621371, at *2 (citing *Linge v. State of Georgia Inc.,* 569 F. App'x 895, 896 (11th Cir. 2014) ("[T]o the extent that he more broadly argues that he is a sovereign citizen and is not subject to the jurisdiction of Georgia state courts or Georgia laws, both we and the district court lack jurisdiction to consider his claim because it is 'wholly insubstantial and frivolous.'")).  In this case, given the fact that the Complaint is frivolous, the Court recommends that the Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2) be denied and this action be dismissed without affording Plaintiff an opportunity to amend.  To proceed otherwise "would result in waste of scarce pubic resources and would only serve as an incentive to further abuses."  *McKenna v. Obama*, No. 3:15-CV-335-MCR-CJK, 2016 WL 5213940, at *2 (N.D. Fla. Aug. 19, 2016), *report and recommendation adopted*, No. 3:15-CV-335-MCR-CJK, 2016 WL 5110487 (N.D. Fla. Sept. 20, 2016).

It is respectfully **RECOMMENDED**:

(1) The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) be **DENIED**.

(2) This action be **DISMISSED**.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 12, 2019.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties